## In the Matter of the Estate of SAMUEL B. HAMBURGER, Deceased.

Surrogate's Court, New York County, July 6, 1939.

*Keeler & Harrisson*, for the trustee.

*Bernard H. Cone*, for Ruby B. Cone, life beneficiary of income.

*Wolf & Kohn*, for Home for Aged and Infirm Hebrews of New York.

*Cardozo & Nathan*, for Jewish Social Service Association, Inc.

*Stroock & Stroock*, for Montefiore Hospital for Chronic Diseases.

*Proskauer, Rose & Paskus*, for Mount Sinai Hospital.

DELEHANTY, S.   The account on file shows that the trustee has taken income commissions on the basis of annual rests and has included as part of the compensation already taken by him a so-called servicing charge on mortgages held in the trust.   No objection to the deductions is made by the income beneficiary and so no basis exists for disallowance of the servicing charge. The court notes its disapproval of the charge, however, since a so-called though unapproved " practice " has operated in another commissions' field to burden beneficiaries unjustly.   The statute under which presumably the charge was made relates only to a servicing charge authorized to be paid in connection with a guaranty of payment of a mortgage acquired from a corporation authorized to execute such guaranty.

Some questions were raised concerning the course pursued by the trustee in salvage operations undertaken by reason of defaults under mortgages held as part of the trust property.   The life beneficiary objects to the extent to which rents received from properties taken over by reason of mortgage defaults have been applied to reimbursement of principal account.   The terms of this will require compliance with the ordinary rules in salvage operations as set down in *Matter of Chapal* (269 N. Y. 464) and *Matter of Otis* (276 id. 101).   All advances from principal account within the meaning of the *Chapal-Otis* rule must be reimbursed wholly from the net rents of the respective parcels before the trustee has discretion to distribute the net return of any particular parcel as income.   So far as such advances from principal are truly necessary in the salvage operation the trustee must recapture them wholly out of rents or out of sales proceeds.   In general, it can be said that the necessary expenses in recapturing the property and in paying off liens superior to the mortgage debt in the way of taxes, assessments and the like and in putting the property in shape to be rented or in shape to be sold constitute integral parts of the salvage operation.

There will, however, occur instances in which the line of demarcation between salvage operations and new investments is not clear. In such circumstances a rule of business judgment is to be followed and determination made as to the category into which the expense should fall on the basis of the facts in each particular case.   As was said in *Matter of Otis* (276 N. Y. 101, 115), the discretion of the trustee respecting surplus income from any particular parcel " should be exercised with appropriate regard for the fact that

unless a life tenant gets cash he does not get anything in the here and now." This court will be prepared to approve the exercise of discretion by trustees (after recapture of principal advances) in paying over surplus income to a life tenant where on any reasonable view of the circumstances of the property the principal account is found to be assured of the reasonable safety of the value involved in the salvage even though not insured against subsequent defaults.

As was said in *Matter of Otis (supra)*: " No rule can be final for all cases and * * * any rule must in the end be shaped by considerations of business policy." These considerations of business policy are peculiarly applicable to the disbursements which may be proper though not necessary in the rehabilitation of a property taken over in a salvage operation. When the necessary expenses of the foreclosure and the taxes, assessments and other like charges paid, there may be presented to trustees the problem whether the physical improvement of the property should be based on minimum requirements or on a broader concept of what would be desirable from the viewpoint of the trust. To the extent of the expenditures which as a minimum are required to put the premises in rentable or salable condition they are recapturable just as are the foreclosure costs and taxes. There will be difference of business viewpoint as to what is desirable in the way of rehabilitation of salvage properties and within the limits of a wide discretion the court will be bound by the business judgment of the trustees. However, expenditures may be made by trustees which go beyond the necessities of the case even on a broad interpretation and constitute new investments of principal. As to these latter it may in some circumstances be appropriate to freeze them into the principal account and in others to put them on a basis of amortization by annual charge to income account — such charge to be fixed on a basis regulated by the usable life of the improvement.

Some of the items in this account scheduled by the trustee as recapturable in full out of rents appear to the court to be within the class of expenditures which should be made subject to an annual amortization charge rather than be treated as a salvage item subject to immediate reimbursement. Since the data available in the account itself does not suffice for a determination of the questions raised by such expenditures the court will have to take proof on the subject unless the parties can agree upon the facts. In the cases of those parcels which have not yet earned sufficient income to repay foreclosure costs and such items as are definitely recapturable under the *Chapal-Otis* rule no present determination is necessary. In the cases of those parcels where the direct costs of acquisition have been fully repaid the court will hear the respective

views of the parties on the 14th day of July, 1939, at two o'clock P. M. The attorneys for the trustee are to give notice of such hearing to the life beneficiary of income and to all parties who have appeared in the proceeding. At such hearing the court will also give consideration to the matter of the compensation requested by the firm of attorneys of which the accounting trustee is a member. Proceed accordingly.

(July 14, 1939.)

The stipulation of the parties respecting the allocation and amortization of expenditures is approved. The compensation of the attorney-trustee is fixed and allowed in the sums requested. The allowance covers the items for servicing mortgages which now are stated to have been legal services.

Submit, on notice, decree settling the account in accordance with this and the prior decision of the court.